IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LINDSEY | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv431 |
| WARDEN LARA, ET AL. | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Christopher Lindsey, an inmate at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought the above-styled lawsuit against prison officials.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the complaint be dismissed for failing to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. Plaintiff asserts he only filed a "notice of suit," and requests a stay and abeyance until he exhausts all administrative remedies. "[T]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions. For adjudication of constitutional issues 'concrete legal issues, presented in actual cases, not abstractions' are requisite." *United Public Workers of America (C.I.O) v. Mitchell*, 330 U.S. 75, 89, 67 S.Ct. 556, 564, 91 L.Ed. 754 (1947); *Adams v. McIlhany,* 575 F. App'x 393, 396 (5th Cir. 2014). Thus, this court lacks jurisdiction to entertain plaintiff's notice of suit because there is no live case or controversy.

Further, for the reasons set forth in the Report, this action should alternatively be dismissed for failing to exhaust administrative remedies in compliance with 42 U.S.C. § 1997e. Plaintiff is

required to exhaust all administrative remedies prior to filing his complaint in this court, not while the action is pending. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). In his motion for abeyance and stay pending administrative review, plaintiff made clear he had not. Accordingly, the action should be dismissed. Plaintiff is free to file his claims after he has exhausted the available administrative remedies.

Finally, plaintiff has failed to diligently prosecute this action by failing to pay the initial partial filing fee as ordered. Plaintiff has had more than eight months to pay the filing fee which was due within thirty days from November 5, 2014, the date of the order assessing the fee.[1] As of this date, plaintiff has failed to pay the initial partial filing fee. Accordingly, plaintiff has also failed to diligently prosecute this action in accordance with FED. R. CIV. P. 41(b).

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations. The dismissal of this action will be without prejudice to plaintiff's ability to file his claims upon the exhaustion of administrative remedies.

**SIGNED** this the **15** day of **July, 2015.**

_____
Thad Heartfield
United States District Judge

---

[1] Plaintiff's balance in his account was $7.82 at the time of his account statement. Thus, it appears plaintiff had adequate means to pay the initial partial filing fee of $3.94 when the fee was assessed, and plaintiff has not demonstrated he is unable to pay the initial partial filing fee as ordered.